A CERTIFIED TRUE COPY
ATTEST

By April Layne on Apr 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Apr 08, 2008**

FILED
CLERK'S OFFICE

MDL No. 1934

**IN RE: EPOGEN AND ARANESP OFF-LABEL MARKETING**
**AND SALES PRACTICES LITIGATION**

Sheet Metal Workers -v- Amgen
cv07-5620 PSG (AGRx) **TRANSFER ORDER**

Before the entire Panel[*]: Plaintiff in an action pending in the Northern District of Illinois has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of five actions listed on Schedule A and pending in the Central District of California, the Northern District of Illinois, the Eastern District of Michigan, the District of New Jersey, and the Middle District of Pennsylvania, respectively.

Plaintiffs in the Middle District of Pennsylvania and District of New Jersey actions support the motion, while plaintiffs in the Central District of California action oppose it. Also opposed to the motion are DaVita, Inc. (DaVita) and Fresenius Medical Care Holdings, Inc. (Fresenius), which are defendants only in the Central District of California action, and Amgen Inc. (Amgen), which is a defendant in all five actions. In the alternative, DaVita and Fresenius request severance of the claims against them.

On the basis of the papers filed and hearing session held, we find that these five putative nationwide class actions do involve common questions of fact. Centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All five actions share factual issues concerning Amgen's marketing of its Epogen and Aranesp anemia drugs, and they also all involve alleged violations of California statutory law. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.[1]

This is an unusual docket because the four actions pending outside the Central District of California were originally brought in that district and then transferred to their current respective districts pursuant to 28 U.S.C. § 1404. Nevertheless, we conclude that the transfer of these same cases back to the Central District of California is appropriate. Our decision to do so under Section

---

[*]     Judge Scirica took no part in the disposition of this matter.

[1]     In light of the Panel's disposition, the request for severance by DaVita and Fresenius is ~~moot~~

I hereby attest and certify on 4/8/08
that the foregoing document is a full, true
and correct copy of the original on fi'  in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1197

- 2 -

1407 is not at odds with those Section 1404 transfers because the considerations affecting transfer under Section 1404 are not the same as those affecting transfer under Section 1407. *See In re Cygnus Telecommunications Technology, LLC, Patent Litigation*, 177 F.Supp.2d 1375, 1377 (J.P.M.L. 2001). Indeed, in his Section 1404 transfer orders, Judge Philip S. Gutierrez even recognized the potential for this result. Thus, while this may seem to be an unusual resolution, it will entrust this litigation to a jurist who has both a unique understanding of its history and considerable expertise in the applicable law.[2] He is in the best position to handle the coordinated discovery and other pretrial proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the four actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Philip S. Gutierrez for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica[*] |

---

[2]   Judge Gutierrez served as a judge on the California Superior Court from 2000 until his appointment to the Central District of California in February 2007.

**IN RE: EPOGEN AND ARANESP OFF-LABEL MARKETING
AND SALES PRACTICES LITIGATION**                    MDL No. 1934

## SCHEDULE A

Central District of California

Sheet Metal Workers National Health Fund, et al. v. Amgen, Inc., et al.,
    C.A. No. 2:07-5620

Northern District of Illinois

Painters District Council No. 30 Health & Welfare Fund v. Amgen, Inc.,
    C.A. No. 1:07-6628   CV07-3880 PSG (AGRx)

Eastern District of Michigan

Linda A. Watters v. Amgen, Inc., C.A. No. 4:07-15354   CV07-5332 PSG (AGRx)

District of New Jersey

Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funds, et
    al. v. Amgen, Inc., C.A. No. 3:08-783   CV07-5157 PSG (AGRx)

Middle District of Pennsylvania

United Food & Commercial Workers Central Pennsylvania & Regional Health & Welfare
    Fund v. Amgen, Inc., C.A. No. 4:07-2125   CV07-3623 PSG (AGRx)